ENDORSEMENT: The Rules for the Division of Business Among District Judges of the Southern District of New York provide for a number of circumstances under which a case will be reassigned to a new judge. The particular reason for reassignment is not required to be placed on the record. The Court does not provide technical assistance with regard to PACER. Plaintiff should reach out to the PACER help desk to resolve any issues with electronic filing.
The Clerk of Court is respectfully requested to terminate the motion at ECF No. 5.
SO ORDERED.
Dated: March 5, 2026    *[signature]*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MERRIWETHER WILLIAMS

*Plaintiff,*

v.                                                                 Case No. 1:26-cv-01566

ANTHROPIC, PBC, et al.,

*Defendants.*

## PLAINTIFF'S MOTION FOR DISCLOSURE OF PROCEDURAL BASIS FOR JUDICIAL REASSIGNMENT

Plaintiff MERRIWETHER WILLIAMS, proceeding pro se, respectfully moves this Court to disclose the procedural basis and applicable rule under which this case was reassigned from the Honorable Judge Jennifer L. Rochon to the Honorable Judge Mary Kay Vyskocil. In support of this motion, Plaintiff states as follows:

### The Reassignment

**1.** Plaintiff filed this action on February 25, 2026. The case was assigned to the Honorable Judge Jennifer L. Rochon through the Court's random assignment system.

**2.** On February 27, 2026 at approximately 5:03 PM, Plaintiff received a Notice of Electronic Filing ("NEF") indicating that the case had been reassigned from Judge Jennifer L. Rochon to Judge Mary Kay Vyskocil.

**3.** The NEF explicitly stated "No document attached." No administrative order, no explanatory memorandum, and no citation to any local rule or internal procedure accompanied the reassignment.

**4.** To date, Plaintiff has received no explanation for the reassignment. Plaintiff does not know whether it resulted from a recusal, a workload rebalancing, a related-case determination, or any other basis recognized by this Court's local rules.

**Inability to File Electronically**

**5.** At the time of filing, Plaintiff submitted a cover letter to the Court noting that she had reason to believe her internet connection was subject to man-in-the-middle interference, that she had requested a network audit from the Attorney General of Connecticut, and that she reserved the right to reassess electronic filing in light of these circumstances.

**6.** On March 1, 2026, Plaintiff created a PACER account with the Southern District of New York. Plaintiff received email confirmation that the account was active at approximately 12:21 PM.

**7.** By approximately 12:47 PM—twenty-six minutes later—Plaintiff was unable to access the system. When Plaintiff entered her credentials and clicked "Login," the system did not reject her username or password. Instead, it displayed a message stating that her "search privileges were inactivated" due to no recent activity, and that she "may continue to log in to file and perform other activities."

**8.** However, despite the system's representation that Plaintiff could "continue to log in," Plaintiff was in fact unable to log in. When Plaintiff clicked "Continue" to proceed past the search-privileges message, the system redirected Plaintiff back to the login page and displayed a second, different error message stating: "There is currently an issue with your PACER account." The system offered no further explanation.

**9.** To summarize: the system accepted Plaintiff's credentials, told Plaintiff she could continue to log in, and then refused to let Plaintiff log in—citing first a search-privileges issue, then a generic account issue. At no point did the system grant Plaintiff access to any functionality whatsoever.

**10.** Plaintiff attempted to regain access multiple times throughout the day, including as late as approximately 6:15 PM and again at approximately 10:15 PM and encountered the same sequence of errors on every occasion. On the morning of 3/2/2026 at approximately 8:45 AM, after the SDNY court has officially opened, Plaintiff attempted one last time and was still blocked from searching her case using her Pacer account. Plaintiff has preserved screenshots documenting the account activation emails, each error message, and the contradiction between the system's stated permissions and its actual behavior.

**11.** Because Plaintiff cannot access her docket electronically, she is filing this motion by hand delivery to the Pro Se Intake Unit.

**Relief Requested**

Plaintiff respectfully requests that the Court:

A. Identify the procedural rule, administrative order, or other basis under which this case was reassigned from Judge Jennifer L. Rochon to Judge Mary Kay Vyskocil;

B. Provide Plaintiff with any documentation associated with the reassignment, including any recusal order, related-case determination, or workload rebalancing directive;

C. Note on the docket that Plaintiff's inability to file electronically is due to a PACER system lockout that occurred within twenty-six minutes of account creation, and not due to any failure by Plaintiff to comply with the Court's filing requirements.

Plaintiff makes this request in good faith and without accusation. Plaintiff seeks only to understand the procedural basis for a reassignment that was made without accompanying documentation, so that she may assess her rights and obligations going forward.

Dated: March 2, 2026

Respectfully submitted,

_____

MERRIWETHER WILLIAMS, Pro Se

44 Givens Avenue

Stamford, CT 06902

310-614-8721

Merriwether795@gmail.com