ENDORSEMENT: Plaintiff's email address has been removed from PACER and Plaintiff will hereafter receive paper copies of all filings by U.S mail at her address of record.
SO ORDERED.
Dated: March 6, 2026     *Att cl a*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MERRIWETHER WILLIAMS,
Plaintiff,

v.                           Case No. 1:26-cv-01566

ANTHROPIC, PBC, et al.,
Defendants.

**NOTICE OF ELECTION OF MANUAL SERVICE**
**AND ADVISORY REGARDING DUE PROCESS**

Plaintiff MERRIWETHER WILLIAMS, appearing *pro se*, respectfully submits this Notice to the Court and states as follows:

**1. Election of Manual Filing and Physical Service.** Plaintiff hereby elects to file all documents with this Court by physical delivery and U.S. Mail, and withdraws any and all consent to electronic service. Pursuant to Fed. R. Civ. P. 5(b)(2)(C) and the default rules governing pro se litigants in this District, Plaintiff requests that all future service of process, motions, notices, and court orders from all parties and from the Court be effected by U.S. Mail to Plaintiff's address of record. Plaintiff will likewise serve all parties by U.S. Mail or personal delivery.

**2. Retention of PACER View-Only Access.** To be clear, this election applies solely to filing and service. Plaintiff intends to maintain her existing PACER account (Account No. 8938456) for view-only access to the docket in this matter. This access is essential to Plaintiff's ability to monitor filings, verify that documents served by mail have been properly docketed, and identify any discrepancies between what appears on the docket and what Plaintiff receives by mail. Plaintiff's use of PACER for viewing purposes is not, and should not be construed as, consent to electronic filing or electronic service.

Plaintiff advises the Court of the following chronology regarding this account. On March 1, 2026, Plaintiff created the above-referenced PACER account at the SDNY courthouse. Within approximately twenty-six minutes, the account was locked with a notification citing "no recent activity." Plaintiff documented this lockout with screenshots, which were submitted to the Court on March 2, 2026. On March 4, 2026, Plaintiff received notification from the PACER Service Center that the account had been reactivated, stating: "Your account was under review but has now been activated."

Plaintiff preserves this chronology for the record. Should this account experience further lockouts, access failures, or anomalous restrictions, Plaintiff will document and report them to the Court.

**3. Correction of the Record.** Plaintiff respectfully advises the Court that any "ECF Registration" or "Rejection" currently reflected in the system does not represent a voluntary application for electronic filing. As set forth above, the PACER account created on March 1, 2026 was locked within minutes of creation due to circumstances beyond Plaintiff's control. Any system entries generated during this process were the product of automated misclassification

triggered by these systemic disruptions, and not an expression of intent to participate in electronic filing.

**4. Preservation of the Record Regarding Electronic Anomalies.** Plaintiff respectfully notes for the record that she has experienced repeated and anomalous technical difficulties with electronic court systems in this matter, including account lockouts and access failures, as documented in filings submitted to this Court on March 2, 2026. Plaintiff observes that the twelve named Defendants in this action are among the most technologically sophisticated entities in the world. Plaintiff makes no accusation but preserves this observation for the record and for any future proceedings in which the integrity of electronic systems may become relevant.

**5. Protection of Due Process.** To safeguard the integrity of these proceedings and to protect Plaintiff's constitutional right to due process of law under the Fifth Amendment, Plaintiff will rely on physical filing with wet-stamp confirmation as the primary and authoritative record of all submissions to this Court. Plaintiff respectfully requests that the Court direct all parties to serve Plaintiff by U.S. Mail at her address of record.

**6. Invocation of Rule 6(d).** Plaintiff notes that pursuant to Fed. R. Civ. P. 6(d), service by mail entitles the receiving party to three additional days after the prescribed period for response. Plaintiff intends to rely on this provision for all deadlines triggered by service.

Respectfully submitted,

*/s/ Merriwether Williams*

MERRIWETHER WILLIAMS
Plaintiff, Pro Se
44 Givens Avenue
Stamford, CT 06902
3106148721

Dated: March 4, 2026